No. 13-20211

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Lisa Mabary,
                         *Plaintiff-Appellant*,

v.

Home Town Bank, N.A,
                         *Defendant-Appellee*.

_____

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division

_____

**REPLY BRIEF FOR PLAINTIFF-APPELLANT**

_____

Gary F. Lynch
R. Bruce Carlson
Carlson Lynch Ltd.
PNC Park
115 Federal Street, Suite 210
Pittsburgh, PA 15212
(412) 322-9243

Adina H. Rosenbaum
Allison M. Zieve
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

Emil Lippe, Jr.
Lippe & Associates
600 N. Pearl Street, Suite S2460
Dallas, TX 75201
(214) 855-1850

September 4, 2013

Counsel for Plaintiff-Appellant

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES............................................ iii

ARGUMENT........................................................ 1

I.   H.R. 4367 Does Not Apply Retroactively to Ms. Mabary's or the
     Class's Claims.................................................. 1

II.  None of HomeTown Bank's Alternative Grounds for Affirmance Have
     Merit......................................................... 6

     A.   Ms. Mabary Has Standing to Pursue Her EFTA Claim........... 6

          1.   Ms. Mabary Suffered Injury-In-Fact When Hometown Bank
               Charged Her a Fee in Violation of the Statute............. 8

          2.   Ms. Mabary Suffered Injury-In-Fact When Hometown Bank
               Denied Her the Notice to Which She Was Entitled by
               Statute................................................. 9

     B.   HomeTown Bank's Rule 68 Offer Did Not Render Ms. Mabary's
          or the Class Claims Moot................................... 14

          1.   The Rule 68 Offer Did Not Offer Complete Relief on Ms.
               Mabary's Individual Claims............................. 14

          2.   An Unaccepted Rule 68 Offer Does Not Deprive the Court
               of the Ability to Grant Relief.......................... 16

          3.   The Offer of Judgment Did Not Address the Class
               Claims................................................ 19

     C.   HomeTown Bank's Rule 23 Arguments Do Not Provide an
          Alternative Grounds for Affirmance.......................... 22

1.    This Court Should Not Decide in the First Instance Whether Rule 23's Requirements Are Met.. . . . . . . . . . . . . . . . . . . . . . 22

2.    HomeTown Bank's Arguments About Rule 23 Lack Merit... 23

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## CASES

*Alicea v. Citizens Bank of Pennsylvania*,
　　2103 WL 1891348 (W.D. Pa. May 6, 2013). . . . . . . . . . . . . . . . . . . . . . . . . 13

*American Pipe & Construction Co. v. Utah*,
　　414 U.S. 538 (1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Bell v. First Bank Richmond*,
　　2013 WL 123615 (S.D. Ind. Jan. 7, 2013). . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Burns v. First American Bank*,
　　2006 WL 3754820  (N.D. Ill. Dec. 19, 2006). . . . . . . . . . . . . . . . . . . . . . . . 26

*Campbell v. Hope Community Credit Union*,
　　2012 WL 423432 (W.D. Tenn. Feb. 8, 2012). . . . . . . . . . . . . . . . . . . . . . . . 14

*Center for Biological Diversity, Inc. v. BP America Production Co.*,
　　704 F.3d 413 (5th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Chafin v. Chafin*,
　　133 S. Ct. 1017 (2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 19

*Charvat v. Mutual First Federal Credit Union*,
　　__ F.3d __, 2013 WL 3958300 (8th Cir. Aug. 2, 2013). . . . . . . . . . 7, 8, 9, 13

*Crabill v. Trans Union, L.L.C.*,
　　259 F.3d 662 (7th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Cruz v. Huack*,
　　762 F.2d 1230 (5th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Decker v. Northwest. Environmental Defense Center*,
　　133 S. Ct. 1326 (2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 19

*Deposit Guaranty National Bank v. Roper*,
    445 U.S. 326 (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20, 21

*Edwards v. Your Credit Inc.*,
    148 F.3d 427 (5th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Espenscheid v. DirectSat USA, LLC*,
    688 F.3d 872 (7th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Falek v. Gonzales*,
    475 F.3d 285 (5th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*FEC v. Akins*,
    524 U.S. 11 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Feder v. Electronic Data System Corp.*,
    429 F.3d 125 (5th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . 25, 26

*Fisch v. General Motors Corp.*,
    169 F.2d 266 (6th Cir. 1948). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Flores v. Diamond Bank*,
    2008 WL 4861511 (N.D. Ill. Nov. 7, 2008) . . . . . . . . . . . . . . . . . . 25, 26

*Frey v. eGlobal ATM*,
    2013 WL 1091237 (N.D. Tex. March 15, 2013). . . . . . . . . . . . . . . . . 13

*Frey v. First National Bank Southwest*,
    Case No. 11-CV-3093 (N.D. Tex. Feb. 20, 2013). . . . . . . . . . . . . . . 13, 25

*Genesis HealthCare v. Symczyk*,
    133 S. Ct. 1523 (2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18, 20

*Heaven v. Gonzales*,
    473 F.3d 167 (5th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Hooks v. Landmark Industries, Inc.*,
   2013 WL 3937029  (S.D. Tex. July 30, 2013). . . . . . . . . . . . . . . . . . . . . . . 24

*Hrivnak v. NCO Portfolio Management, Inc.*,
   719 F.3d 564 (6th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Killingsworth v. HSBC Bank Nevada, N.A.*,
   507 F.3d 614 (7th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Kinder v. Dearborn Federal Savings Bank*,
   2011 WL 6371184 (E.D. Mich. Dec. 20, 2011). . . . . . . . . . . . . . . . . . . . . . 14

*Kinder v. United Bancorp Inc.*,
   2012 WL 4490874 (E.D. Mich. Sept. 28, 2012).. . . . . . . . . . . . . . . . . 13, 25

*Knox v. Service Employees International Union, Local 1000*,
   132 S. Ct. 2277 (2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*LTV Federal Credit Union v. UMIC Government Securities Inc.*,
   704 F.2d 199 (5th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Landgraf v. USI Film Products*,
   511 U.S. 244 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4

*Lobianco v. John F. Hayter, Attorney at Law, P.A.*,
   __ F. Supp. 2d ___, 2013 WL 2097414 (N.D. Fla. May 14, 2013). . . . . . . 16

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Mourning v. Family Publications Service, Inc.*,
   411 U.S. 356 (1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Murray v. GMAC Mortgage Corp.*,
   434 F.3d 948 (7th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Pederson v. Louisiana State University*,
    213 F.3d 858 (5th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Perrone v. General Motors Acceptance Corp.*,
    232 F.3d 433 (5th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27, 28

*Pike v. Nick's English Hut, Inc.*,
    __ F. Supp. 2d ___, 2013 WL 1311149 (S.D. Ind. March 27, 2013). . . 1, 2, 5

*Ramirez v. MGM Mirage, Inc.*,
    524 F. Supp. 2d 1226 (D. Nev. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Redmon v. Uncle Julio's of Illinois, Inc.*,
    249 F.R.D. 290 (N.D. Ill. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*In re Regions Bank ATM Fee Notice Litigation*,
    2011 WL 4036691 (S.D. Miss. Sept. 12, 2011). . . . . . . . . . . . . . . . . . . . . 14

*In re Rodriguez*,
    695 F.3d 360 (5th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Sandoz v. Cingular Wireless LLC*,
    553 F.3d 913 (5th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 18

*Sucec v. The  Greenbrier*,
    2012 WL 3079233 (S.D. W.Va. July 10, 2012),
    report and recommendation adopted,
    2012 WL 3079212 (S.D. W.Va. July 30, 2012). . . . . . . . . . . . . . . . . . . 13, 14

*Summers v. Earth Island Institute*,
    555 U.S. 488 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11

*Turner v. Murphy Oil USA,  Inc.*,
    472 F. Supp. 2d 830 (E.D. La. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . 21, 22

*Union Asset Management Holding A.G. v.  Dell, Inc.*,
    669 F.3d 632 (5th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, 24

vi

*Vela v. City of Houston*,
276 F.3d 659 (5th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

*Vizena v. Union Pacific Railroad Co.*,
360 F.3d 496 (5th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Zabienski v. ONB Bank & Trust*,
2012 WL 3583020 (N.D. Okla. Aug. 20, 2012). . . . . . . . . . . . . . . . . . . . . . 13

## STATUTES AND RULES

12 C.F.R. § 205.16(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Electronic Fund Transfer Act,
15 U.S.C. § 1693b(d)(3)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
15 U.S.C. § 1693b(d)(3)(B) (2010). . . . . . . . . . . . . . . . . . . . 3, 8, 10, 11
15 U.S.C. § 1693b(d)(3)(C)(i). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9
15 U.S.C. § 1693m(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Fair and Accurate Credit Transactions Act,
15 U.S.C. § 1681n(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fair Labor Standards Act,
29 U.S.C. § 256. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Federal Rules of Civil Procedure,
Federal Rule of Civil Procedure 23. . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
Federal Rule of Civil Procedure 23(c)(2)(B). . . . . . . . . . . . . . . . . . . . . 25
Federal Rule of Civil Procedure 68(a). . . . . . . . . . . . . . . . . . . . . . . . . . 17
Federal Rule of Civil Procedure 68(b). . . . . . . . . . . . . . . . . . . . . . 14, 18

*Gramm-Leach-Bliley Financial Modernization Act*,
P.L. No. 106-102, Sec. 702, 113 Stat. 1338 (1999). . . . . . . . . . . . . . . . . . . 3

Truth in Lending Act,
15 U.S.C. § 1640(a)(2)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**ARGUMENT**

In her opening brief, Lisa Mabary explained that under the applicable test

for statutory retroactivity set forth in *Landgraf v. USI Film Products*, 511 U.S. 244

(1994), H.R. 4367 does not apply retroactively to her or the class's claims.   None

of HomeTown Bank's responses, which rely mostly on outdated or irrelevant

caselaw, alter this conclusion.   Nor does HomeTown Bank's panoply of alternative

arguments justify dismissal or the denial of class certification.    Ms. Mabary had

standing to bring this case; the case is not moot; and this Court should let the

district court decide in the first instance whether this case meets the requirements

for class certification under Rule 23.

## I.    H.R. 4367 Does Not Apply Retroactively to Ms. Mabary's or the Class's Claims.

**A**.   As Ms. Mabary's opening brief explained, this Court applies the two-

step test from *Landgraf*, 511 U.S. 244, to determine whether a statute applies in

cases that arise from events occurring before its enactment.   Under the first step of

that test, the Court looks to whether Congress expressly prescribed the statute's

scope.   *Id*.   at 280.   Here, HomeTown Bank concedes that "H.R. 4367 does not

expressly state whether it applies retroactively."   Appellee Br. 28; *see also Pike v.*

*Nick's English Hut, Inc*., __ F. Supp. 2d ___, 2013 WL 1311149 (S.D. Ind. March

27, 2013) ("Congress provided no indication that [H.R. 4367] w[as] to apply

retroactively."). And although HomeTown Bank devotes pages of its brief to legislative history, it cites no history mentioning retroactivity. The legislative history it cites expresses a desire to protect banks from frivolous lawsuits, but as explained in Ms. Mabary's opening brief (at 16-18), that history does not demonstrate that Congress intended the amendment to apply to events that happened before its enactment, much less constitute the "unambiguous directive" required under *Landgraf* step one. *Heaven v. Gonzales*, 473 F.3d 167, 172 (5th Cir. 2006) (citation omitted); *see Vela v. City of Houston*, 276 F.3d 659, 674 (5th Cir. 2001) (moving to *Landgraf* step two where "neither the language nor the legislative history . . . expressly state[d] that Congress intended [the statute] to apply retroactively").

*Landgraf* step two involves a functional inquiry into whether the new statute "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." 511 U.S. at 280. As Ms. Mabary's opening brief explained, if applied retroactively, H.R. 4367 would impair rights that she possessed when she acted. At the time of her ATM transaction, she had the right to an on-machine fee notice and the right to statutory damages when that notice was not given. H.R. 4367 takes

away those rights.[1]

HomeTown Bank's primary argument in response is that H.R. 4367 did not impair Ms. Mabary's rights because she has not disputed that she received on-*screen* notice of the fees. According to HomeTown, "it is content rather than method that matters, and content did not change." Appellee Br. 30. But Congress did not just specify that ATM users receive a certain content. It specified that they receive that content in a specific form: in two different locations (on the machine and on the screen or paper) and at two different times (before the transaction and after the transaction was initiated). 15 U.S.C. § 1693b(d)(3)(B) (2010).[2] Thus, when HomeTown Bank charged a fee without providing one of the required forms of statutory notice, it violated Ms. Mabary's statutory rights.

---

[1] HomeTown Bank relies primarily on pre-*Landgraf* cases, such as *LTV Federal Credit Union v. UMIC Government Securities Inc.*, 704 F.2d 199 (5th Cir. 1983), but *Langraf* supersedes prior caselaw. In any event, as HomeTown notes, LTV's discussion of the nature of the rights affected focuses on whether they have "matured or become unconditional." Appellee Br. 29 (citing *LTV*, 704 F.2d at 203). Here, Ms. Mabary had an unconditional right to an on-machine fee notice and to statutory damages when HomeTown Bank failed to provide her with that notice.

[2] HomeTown Bank emphasizes that when Congress first passed EFTA it "did not require any particular form of notice to be placed upon ATMs." Appellee Br. 22. Congress *did*, however, require particular types and locations of notice on ATMs when it amended EFTA in 1999, and that amendment was in effect at the times pertinent here. *See Gramm-Leach-Bliley Financial Modernization Act*, P.L. No. 106-102, Sec. 702, 113 Stat. 1338 (1999).

HomeTown Bank stresses that Mabary's claim did not involve "a contract or property" right. Appellee Br. 43. *Langraf*, however, specifically stated that the presumption against statutory retroactivity is not limited to such cases. 511 U.S. at 271.

Finally, HomeTown Bank devotes a significant portion of its brief to arguing that Ms. Mabary's rights were not "vested," such that it would be a constitutional deprivation to take them away, because they involved statutory rights and are still under review. *See, e.g.*, Appellee Br. 31 (declaring that *Fisch v. General Motors Corp.*, 169 F.2d 266 (6th Cir. 1948), a case about the constitutionality of the Portal-to-Portal Act, is "particularly instructive"); *id*. at 44-45 (citing cases about "vested rights" and describing them as upholding "the constitutionality of statutes that retroactively abolished accrued causes of action in tort"). HomeTown Bank misses the point. The question under *Landgraf* is not whether Congress may, constitutionally, make a law retroactive. Indeed, *Landgraf* assumes that Congress can do so. Rather, *Landgraf*'s test is aimed at determining whether Congress *did* make the law retroactive. *Landgraf* "established principles to be used by courts in evaluating whether, as a matter of statutory analysis, an Act of Congress may be applied retroactively." *Falek v. Gonzales*, 475 F.3d 285, 290 (5th Cir. 2007) (quoting *Mohammed v. Ashcroft*, 261 F.3d 1244, 1248-49 (11th

4

Cir. 2001).

Confirming that *Landgraf* applies to rights based on statutes and does not require cases to be final, this Court has refused to apply a statute retroactively when doing so would impair statutory rights in a case that was still being reviewed. *See Vela*, 276 F.3d 659. HomeTown Bank attempts to distinguish *Vela* on the grounds that the violation there was about denial of overtime compensation, whereas the violation here was about the means of providing a fee notice. Appellee Br. 33. But in *Vela*, the plaintiffs were deprived of something to which they were legally entitled by statute (certain compensation), and here Ms. Mabary was deprived of something to which she was legally entitled by statute (an on-machine notice). And in *Vela*, applying the relevant statute retroactively would have deprived the plaintiffs of the damages to which they were entitled at the time of the violation, and here applying H.R. 4367 retroactively would deprive Ms. Mabary of the damages to which she was entitled at the time of the violation.

In sum, none of HomeTown Bank's arguments change the fact that applying H.R. 4367 would impair rights Ms. Mabary had when she used the ATMs and would change the legal consequences of HomeTown Bank's failure to provide her with an on-machine fee notice. Thus, H.R. 4367 does not apply retroactively. *See Pike*, 2013 WL 1311149 (holding that H.R. 4367 does not apply retroactively).

**B**. For the same reasons that H.R. 4367 does not apply to Ms. Mabary's claims, it does not apply to the class claims. Those claims, too, are based on transactions that occurred before H.R. 4367's enactment. HomeTown Bank notes that the class members were not yet parties when H.R. 4367 was passed, Appellee Br. 46, but that is irrelevant to the *Landgraf* analysis, which looks to whether the relevant events occurred before the statute's enactment, not to whether the people whose rights are affected were parties to a case when the statute was enacted. H.R. 4367 does not apply to the class members' claims, each class member retains a claim, and those claims can be resolved through the class action mechanism.

## II.    None of HomeTown Bank's Alternative Grounds for Affirmance Have Merit.

HomeTown Bank makes an array of arguments as alternative grounds for affirmance, including arguments about standing, mootness, and the requirements of Rule 23. None of these arguments has merit.

### A.     Ms. Mabary Has Standing to Pursue Her EFTA Claim.

HomeTown Bank argues that Ms. Mabary lacks standing to pursue her EFTA claim. The district court correctly rejected this argument. (Order dated August 30, 2012, USCA5 1994-2000).

To establish standing under Article III of the Constitution, a plaintiff must

6

demonstrate injury-in-fact, a causal connection between the injury and the challenged conduct, and a likelihood that the injury will be addressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). HomeTown Bank argues that Ms. Mabary lacks injury-in-fact—that is, the "invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical." *Id*. at 560 (internal quotation marks and citations omitted).

HomeTown Bank's failure to provide the statutorily required notice harmed Ms. Mabary in two ways, both of which constitute an injury-in-fact. First, because EFTA made the notice a prerequisite to charging a fee, she was injured when HomeTown Bank charged her a fee, thereby violating her statutory rights. And second, HomeTown Bank's failure to provide the required notice caused informational injury by denying to Ms. Mabary a written notice of information to which she was statutorily entitled. As the Eighth Circuit recently held in a case raising the precise issue presented here, a consumer in these circumstances has standing to sue under EFTA. *See Charvat v. Mut. First Fed. Credit Union*, __ F.3d __, 2013 WL 3958300 (8th Cir. Aug. 2, 2013).

### 1.     Ms. Mabary Suffered Injury-In-Fact When Hometown Bank Charged Her a Fee in Violation of the Statute.

As the Supreme Court has repeatedly held, the "injury required by [Article] III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.'" *Lujan*, 504 U.S. at 578 (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n.3 (1973))).   At the time of the events pertinent to this case, EFTA prohibited HomeTown Bank from charging an ATM fee "unless" the customer received both an on-machine and on-the-screen notice.   15 U.S.C. § 1693b(d)(3)(B) & (C)(i) (2010).   HomeTown Bank failed to provide the on-machine notice, but nonetheless charged Ms. Mabary and other ATM customers a fee. When HomeTown Bank did so, Ms. Mabary suffered an injury-in-fact in the form of an invasion of her statutory right.

As the Eighth Circuit recently explained, Ms. Mabary "has not merely asserted 'the public's nonconcrete interest' in the administration of the EFTA. Instead, [she] alleges a violation of [her] own interest: [HomeTown Bank] did not provide [her] with the required 'on machine' notice, and subsequently charged [her] a prohibited fee following an ATM transaction that [she] initiated and completed." *Charvat*, 2013 WL 3958300, at *4. For this reason, Ms. Mabary has

alleged an action that injured her "'in a concrete and personal way.'" *Id.* (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009)).

HomeTown Bank notes that Ms. Mabary stated below that she had not suffered an "economic injury." But as in *Charvat*, *id.*, Ms. Mabary's injury on being charged the fee was the violation of her right not to be charged in the absence of the statutorily required notice. HomeTown Bank also questions the "causal connection" between the fee charged and its failure to provide on-machine notice. Appellee Br. 37. But it is precisely because HomeTown Bank did not provide the required notice that it was prohibited from charging her a fee. 15 U.S.C. § 1693b(d)(3)(C)(i). "If that notice was not provided, and a fee was nonetheless charged, an injury occurred, and the statutory damages are directly related to the consumer's injury." *Charvat*, 2013 WL 3958300, at *4.

> **2.  Ms. Mabary Suffered Injury-In-Fact When Hometown Bank Denied Her the Notice to Which She Was Entitled by Statute.**

Both the Supreme Court and this Court have recognized that the failure to provide information required by statute constitutes injury under Article III. *See FEC v. Akins*, 524 U.S. 11, 21 (1998) ("[A] plaintiff suffers an 'injury in fact' when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute."); *Center for Biological Diversity, Inc. v. BP Am. Prod. Co.*,

704 F.3d 413, 430 (5th Cir. 2013) ("[T]he claim that information about the disaster may be found by hunting on the Internet ignores the fact that EPCRA places an affirmative statutory duty on the owner or operator of the facility to report the information.").

At the time of the events pertinent here, the plain language of EFTA and its implementing regulations required two forms of notice when an ATM operator imposed a fee on a consumer. *See* 15 U.S.C. § 1693b(d)(3)(B) (2010); 12 C.F.R. § 205.16(c). HomeTown Bank's failure to provide one of these required notices deprived Ms. Mabary of something to which she was entitled by law. And under EFTA, when an ATM operator "fails to comply with any provision of [the statute] with respect to any consumer," the operator "is liable to such consumer" for damages. 15 U.S.C. § 1693m(a).

HomeTown Bank relies on the *on-screen* notice to argue that Ms. Mabary did not suffer any injury when she was deprived of the *on-machine* notice. It contends that "§ 1963b(d)(3)(A) defines the extent of any 'legally protected interest' of Plaintiff and absent class members: accurate information delivered before the ATM user is irrevocably committed to imposition of the fee." Appellee Br. 35. But § 1963b(d)(3)(A), which requires that fee information be posted, is not "the extent" of EFTA's notice requirements. EFTA also contains

10

§ 1963b(d)(3)(B), which states precisely when and where information must be posted.  And at the time of the events in question,  § 1963b(d)(3)(B) required fee notices to be posted both on the machine and on the screen.  Thus, it is irrelevant whether Ms. Mabary later received an on-screen notice.  By failing to provide the on-machine notice, HomeTown Bank deprived her of information to which she was legally entitled, thereby causing her informational injury.   Moreover, Hometown Bank's quotation of *Summers v. Earth Island Institute*, 555 U.S. at 496, which stated that "deprivation of a procedural right without some concrete interest that is affected by the deprivation—a procedural right *in vacuo*—is insufficient to create Article III standing," is inapposite.  Ms. Mabary was not deprived of a procedural right, but of the right to information in the form mandated by statute.

EFTA is one of several consumer-protection statutes that create a statutory right to information, the violation of which is actionable without proof of further loss.  For example, the Truth in Lending Act (TILA) requires disclosure of critical facts to consumers who enter into credit transactions and creates a right of action to obtain actual or statutory damages (sometimes referred to as penalties) for violations.  15 U.S.C. § 1640(a)(2)(A). As the Supreme Court has recognized, a consumer's ability to obtain the recovery specified in  § 1640(a)(2)(A) where

11

actual damages or entitlement to other measures of recovery are incapable of being proven is vital to carrying out TILA's purposes. *Mourning v. Family Pub'ns Serv., Inc.*, 411 U.S. 356, 376 (1973). Thus, proof of financial loss is not required in a TILA action. *See Edwards v. Your Credit Inc.*, 148 F.3d 427, 441 (5th Cir. 1998) ("[W]hile the harm that Edwards may have suffered is relevant to the damages to which she may be entitled, it is irrelevant to whether she is entitled to bring an action." (citation omitted)). Likewise, proof of injury beyond the prohibited disclosure of credit card information is not required for suit under the Fair and Accurate Credit Transactions Act (FACTA), 15 U.S.C. § 1681n(a). *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 622 (7th Cir. 2007) (explaining that "actual damages are not necessarily a precondition for suit" under FACTA); *Ramirez v. MGM Mirage, Inc.*, 524 F. Supp. 2d 1226, 1231 (D. Nev. 2007) (stating that "[e]very district court to consider the issue has found a plaintiff has standing to pursue a FACTA claim for statutory damages even without showing actual damages" and citing cases).

Congress's approach in EFTA—providing for statutory damages without proof of economic loss—follows in a well-established tradition. As Judge Posner has explained, "[m]any statutes, notably consumer-protection statutes, authorize the award of damages (called 'statutory damages') for violations that cause so

little measurable injury that the cost of proving up damages would exceed the damages themselves, making the right to sue nugatory." *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 665 (7th Cir. 2001). Such statutes create legally protected interests and thus confer standing on a consumer who thereafter is injured by participation in a transaction tainted by a statutory violation that infringes the consumer's protected interest. Such statutes also provide measures of recovery that reinforce Article III values by ensuring that plaintiffs have concrete stakes in litigation to enforce their rights.

In accordance with this longstanding tradition, every court to have considered the issue, including the court below (USCA5 2000), and with the single exception of the district court recently reversed by the Eighth Circuit, has held that failure to provide the on-machine notice required by EFTA constitutes injury-in-fact under Article III. *See Charvat*, 2013 WL 3958300; *Alicea v. Citizens Bank of* Pa., 2103 WL 1891348 (W.D. Pa. May 6, 2013); *Frey v. eGlobal ATM*, 2013 WL 1091237 (N.D. Tex. March 15, 2013); *Frey v. First Nat'l Bank Sw.*, Case No. 11–CV–3093 (N.D. Tex. Feb. 20, 2013) (USCA5 2141); *Bell v. First Bank Richmond*, 2013 WL 123615 (S.D. Ind. Jan. 7, 2013); *Kinder v. United Bancorp Inc.*, 2012 WL 4490874 (E.D. Mich. Sept. 28, 2012); *Zabienski v. ONB Bank & Trust*, 2012 WL 3583020 (N.D. Okla. Aug. 20, 2012); *Sucec v. The*

13

*Greenbrier*, 2012 WL 3079233 (S.D. W.Va. July 10, 2012), report and recommendation adopted, 2012 WL 3079212 (S.D. W.Va. July 30, 2012); *Campbell v. Hope Cmty. Credit Union*, 2012 WL 423432 (W.D. Tenn. Feb. 8, 2012); *Kinder v. Dearborn Fed. Sav. Bank*, 2011 WL 6371184 (E.D. Mich. Dec. 20, 2011); *In re Regions Bank ATM Fee Notice Litig.*, 2011 WL 4036691 (S.D. Miss. Sept. 12, 2011).

### B.     HomeTown Bank's Rule 68 Offer Did Not Render Ms. Mabary's or the Class Claims Moot.

HomeTown Bank claims this case is moot because of an unaccepted Rule 68 offer it made to Ms. Mabary in 2011, which, under the terms of Rule 68, was "considered withdrawn" after 14 days. Fed. R. Civ. P. 68(b). The Rule 68 offer did not moot the case for three reasons: It did not offer complete relief on Ms. Mabary's individual claims; an unaccepted offer does not, in any event, deprive a court of jurisdiction; and the Rule 68 offer did not address either the class member's claims or Ms. Mabary's interest in them.

### 1.     The Rule 68 Offer Did Not Offer Complete Relief on Ms. Mabary's Individual Claims.

The question whether an unaccepted Rule 68 offer on a named plaintiff's individual claims moots those claims and deprives the court of jurisdiction over a putative class action only arises if the Rule 68 offer offers complete relief on the

named plaintiff's individual claims—that is, if its entry would "fully satisfy" those claims. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 914 (5th Cir. 2008). Here, HomeTown Bank's offer failed to offer complete relief in two ways.

First, although Ms. Mabary's original complaint alleged that HomeTown Bank may have failed to provide her the required on-machine notice on more than one occasion (USCA5 14), the offer was for only $1,000 in damages. USCA5 205. This Court has not addressed whether statutory damages under EFTA are awarded per case or per violation, and the district court did not decide it below. USCA5 502. Whether damages are per violation or per action is a question for the merits. As the Sixth Circuit recently explained, "[t]o rule on whether [the plaintiff] is entitled to a particular kind of relief is to decide the merits of the case. Neither Civil Rule 68 nor any other Rule or tradition requires the district court to do that in response to a motion to dismiss for lack of subject matter jurisdiction." *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 570 (6th Cir. 2013); *cf. Chafin v. Chafin*, 133 S. Ct. 1017, 1024 (2013) (explaining that argument that case was moot because court lacked authority to provide type of relief "confuses mootness with the merits"). If the district court decides, on considering the merits, that the damages are per transaction, it could award Ms. Mabary more than the $1,000 HomeTown Bank offered. Because Ms. Mabary may be awarded more

15

than $1,000, HomeTown Bank's offer was not for complete relief.

Second, the offer was not complete because, although the statute provides for attorneys' fees, it did not offer full attorneys' fees. The offer included only attorneys' fees "accrued to the date of this Offer," but it stated that the amount accrued would be "determined by the Court." USCA5 205. Thus, the offer contemplated that there would be future proceedings to determine the fee amount. A party to whom fees are being awarded is entitled to fees for time spent "establishing and litigating a fee claim." *Cruz v. Huack*, 762 F.2d 1230, 1233 (5th Cir. 1985). Accordingly, Ms. Mabary would be entitled to fees incurred during the proceeding to determine the amount of fees accrued to the date of the offer. "[B]ecause the offer of judgment excluded post-offer attorney's fees that Plaintiff would otherwise be entitled to receive," it "did not offer [her] complete relief." *Lobianco v. John F. Hayter, Attorney at Law, P.A.*, __ F. Supp. 2d ___, 2013 WL 2097414, *3 (N.D. Fla. May 14, 2013).

### 2. An Unaccepted Rule 68 Offer Does Not Deprive the Court of the Ability to Grant Relief.

Even if HomeTown Bank had offered complete relief on Ms. Mabary's individual claims, the Rule 68 offer would not have rendered those claims moot. "A case becomes moot only when it is impossible for a court to grant any effectual

relief whatever to the prevailing party." *Decker v. Nw. Envtl. Def. Ctr.*, 133 S. Ct. 1326, 1335 (2013) (citation omitted).  An unaccepted Rule 68 offer does not deprive the district court of the ability to grant effectual relief.

First, merely tendering an offer of judgment cannot deprive a court of jurisdiction.  Indeed, by providing that judgment would be entered for Ms. Mabary if the offer were accepted, HomeTown Bank's offer (like Rule 68 itself) recognized that it did not moot the case; if it did, the court would lack jurisdiction to enter judgment on the offer if it were accepted.

Likewise, Ms. Mabary's decision not to accept the offer within the 14 days it was open, Fed. R. Civ. P. 68(a), did not deprive the district court of the ability to grant relief.  The court can still grant Ms. Mabary all the relief she requested because judgment was never entered on her claims and she has not received any of her requested relief.  Her claims thus cannot reasonably be deemed moot.

As Justice Kagan explained on behalf of herself and three other Justices in her dissent in *Genesis HealthCare v. Symczyk*, "When a plaintiff rejects [an offer of judgment]—however good the terms—her interest in the lawsuit remains just what it was before.  And so too does the court's ability to grant her relief.  An unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect."  133 S. Ct. 1523, 1533 (2013) (Kagan, J.,

17

dissenting); *see also id*. ("As every first-year law student learns, the recipient's rejection of an offer 'leaves the matter as if no offer had ever been made.'" (quoting *Minneapolis & St. Louis Ry. Co. v. Columbus Rolling Mill*, 119 U.S. 149, 151 (1886))).  Nothing in the *Genesis* majority opinion, which expressly declined to address the issue, casts any doubt on this analysis.  Accordingly, HomeTown Bank is wrong to state (at 41) that *Genesis* "makes clear that Plaintiff's individual claim became moot in the wake of the offer."  In fact, *Genesis* "assume[d], without deciding" that the plaintiff's individual claim was moot, 133 S. Ct. at 1528, holding that she had waived that issue, *id*. at 1529, and the only four justices to address the point stated that a Rule 68 offer does not moot an individual claim.

Further underscoring that an unaccepted offer does not moot a claim, Rule 68's text provides that "[a]n unaccepted offer is considered withdrawn" and is only admissible "in a proceeding to determine costs."  Fed. R. Civ. P. 68(b).  An offer that no longer exists and is not even admissible cannot logically be held to resolve the controversy between the parties.

We acknowledge that, in *Sandoz v. Cingular Wireless LLC*, 553 F.3d at 921, this Court stated that, if a motion to certify a collective action were filed and then denied, a previously-filed Rule 68 offer for all of the relief the representative plaintiff requested would have rendered the case moot.  In the past year and a half,

however, the Supreme Court has repeated three times that a case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party," *Decker*, 133 S. Ct. at 1335; *Chafin*, 133 S. Ct. at 1023; *Knox v. Serv. Employees Int'l Union, Local 1000*, 132 S. Ct. 2277, 2287 (2012) (citation omited).   This recent case law, as well as Justice Kagan's explanation why an unaccepted Rule 68 offer does not moot a claim, strongly counsel against accepting HomeTown Bank's argument that its expired offer to Ms. Mabary mooted her claim and deprived the courts of subject matter jurisdiction over this case.

### 3.     The Offer of Judgment Did Not Address the Class Claims.

This case is also not moot because it was brought as a class action—indeed, a motion for class certification was filed before the Rule 68 offer expired—and the offer did not include any relief on the class claims.   Accordingly, even if the offer had been for complete individual relief to Ms. Mabary, it would not have satisfied all the demands in the complaint.   As Justice Rehnquist explained in his concurrence in *Deposit Guaranty National Bank v. Roper*, "Acceptance [of the offer] need not be mandated under our precedents since the defendant has not offered all that has been requested in the complaint (*i.e.*, relief for the class)[.]" 445 U.S. 326, 341 (1980).

HomeTown Bank argues that under *Genesis*, "the existence of class allegations made no difference to mootness." Appellee Br. 41-42. But *Genesis* did not involve *class* allegations at all; it involved *collective action* allegations under the Fair Labor Standards Act (FLSA). "Rule 23 actions are fundamentally different from collective actions under the FLSA." *Genesis*, 133 S. Ct. at 1529. For example, unlike collective actions, class actions bind all class members unless they opt out. And unlike collective action complaints, class action complaints toll the applicable statute of limitations for all class members. *Compare* 29 U.S.C. § 256, *with Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974). Because *Genesis* involved a collective action, and because the plaintiff there did not timely challenge that the offer rendered her individual claim moot, the Supreme Court did not consider whether an offer of relief only on individual claims satisfies the plaintiff's entire demand when the plaintiff has brought the case as a class action.

Furthermore, Ms. Mabary has a continuing economic interest in the class allegations. In *Roper*, 445 U.S. 326, the Supreme Court considered the effect of a rejected offer of judgment to named plaintiffs for the maximum amount that they could have recovered individually. The offer was made after class certification was denied, and, based on the offer, the district court entered judgment in plaintiffs' favor over their objections. The question before the Court was whether

20

the named plaintiffs could appeal the denial of class certification.  Determining that resolution of that issue "require[d] consideration only of the private interest of the named plaintiffs," the Court held that "[n]either the rejected tender nor the dismissal of the action over plaintiffs' objections mooted the plaintiffs' claim on the merits so long as they retained an economic interest in class certification." *Id.* at 332-33.  The Court found that interest in the named plaintiffs' "desire to shift to successful class litigants a portion of those fees and expenses that have been incurred in this litigation." *Id.* at 334 n.6.

Here, Ms. Mabary maintains two economic interests in the class allegations.  First, HomeTown Bank's offer included only reasonable fees, to be determined by the district court.  The parties spent considerable time litigating class certification.  A court awarding fees in a case brought as a class action, but in which judgment was entered only on individual claims, might not award full fees for time already spent on the case, because the class allegations were not successful.  But if the case proceeded through certification and were successful on behalf of a class, the court would likely award full fees for that time.  Thus, the fees awarded for time already spent on the case may be greater if the case proceeds.

Second, district courts in this Circuit have approved incentive awards to representative plaintiffs in class actions.  *See, e.g., Turner v. Murphy Oil USA,*

21

*Inc.*, 472 F. Supp. 2d 830, 870 (E.D. La. 2007).    As stated in Ms. Mabary's declaration in the district court, she intends to seek an incentive award if the case is successful.    *See* USCA5 1548.    The potential for Ms. Mabary to receive an incentive award gives her an additional continuing personal stake in the class action.    *See Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872 (7th Cir. 2012) (holding that possibility of incentive award provided standing to appeal denial of certification where individual claim was settled).

### C.    HomeTown Bank's Rule 23 Arguments Do Not Provide An Alternative Ground for Affirmance.

#### 1.    This Court Should Not Decide in the First Instance Whether Rule 23's Requirements Are Met.

HomeTown Bank argues that "multiple defects fatal to certification . . . independently justif[y] affirmance," discussing, in particular, the requirements of Federal Rule of Civil Procedure 23.    Appellee Br. 42.    This Court, however, has recognized the "essentially factual basis of the certification inquiry and of the [trial] court's inherent power to manage and control pending litigation."    *In re Rodriguez*, 695 F.3d 360, 364 (5th Cir. 2012) (citations omitted).    It reviews a district court's certification decision for abuse of discretion, *id.*, and remands when the district court does not make sufficient findings to support its decision. *See Vizena v. Union Pac. R.R. Co.*, 360 F.3d 496 (5th Cir. 2004).    Here, the district

court has made no factual or legal findings about Rule 23's requirements since it decertified the class in December 2011 and ordered new briefing in November 2012.  Given the nature of the inquiry, this Court should not decide, prior to the district court, whether the class meets the requirements of Rule 23.  *See Pederson v. Louisiana State Univ.*, 213 F.3d 858, 869 (5th Cir. 2004) (after determining that district court abused discretion in decertifying class, stating that "this court is not as well situated as the district court to determine whether the putative class should now finally be certified given all other considerations that go into a class certification decision," and remanding).[3]

### 2.    HomeTown Bank's Arguments About Rule 23 Lack Merit.

If this Court reaches the issue whether the requirements of Rule 23 are met in this case, it should hold that they are.

#### a.    *Class Definition*

HomeTown Bank asserts that the class definition is "improper" because it does not specify the date on which HomeTown Bank came into compliance with the law.  Appellee Br. 47-48.  Despite the lack of a specific date, however, the proposed class is "clearly ascertainable."  *Union Asset Mgmt. Holding A.G. v.*

---

[3]HomeTown Bank also attempts to link the question whether the class should be certified with the mootness inquiry. *See, e.g.*, Appellee Br. 20.  In doing so, HomeTown Bank confuses mootness with the merits.  Class allegations can present a live controversy even if a court later denies class certification.

23

*Dell, Inc.*, 669 F.3d 632, 639 (5th Cir. 2012) (citation omitted). The court will be able to make findings during the case about when HomeTown Bank came into compliance. And, at the very least, that date is not later than the date on which the law stopped requiring an on-machine notice requirement. The district court initially found the class definition acceptable, certifying a class on December 12, 2012 (before decertifying it for other reasons). USCA5 1867. Likewise, considering a similar class definition, a district court in this Circuit recently rejected the argument that class members could not be identified because the class period was open-ended and certified the class, noting that "Plaintiff has identified a number of objective means by which potential class members may be ascertained." *Hooks v. Landmark Indus., Inc.*, 2013 WL 3937029, *7 (S.D. Tex. July 30, 2013).

      b.   *Superiority of a Class Action*

HomeTown Bank argues that a class action is not a superior method for adjudicating the class because EFTA applies only to consumers who make transfers to or from accounts established for personal, family, or household purposes, and it would be administratively infeasible to determine whether accounts were established for that purpose. Appellee Br. 48-49. The district court would be in the best position to know whether it is feasible for it to manage a case,

however, and given that it initially certified the class, it apparently thought the class manageable. USCA5 1867. Moreover, the concern about how to determine the purposes for which an account was established "can easily be addressed when class members are identified by asking them to disclose the primary purpose of their account." *Kinder v. United Bancorp Inc.*, 2012 WL 4490874 at \*5; *see also Frey v. First Nat'l Bank Southwest*, Case No. 3:11-cv-3093 (USCA5 2149) ("Whether an account was established for personal or business purposes may be shown simply by inquiry with the account holder or the bank.").

HomeTown Bank also claims that a class would be unmanageable because of the logistics of identifying and notifying absent class members. Appellee Br. 50. Again, the district court is in the best position to consider manageability. Moreover, Rule 23 does not require individual notice to all class members in all circumstances. *See* Fed. R. Civ. P. 23(c)(2)(B) (requiring "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort"); *see also Flores v. Diamond Bank*, 2008 WL 4861511, \*4 (N.D. Ill. Nov. 7, 2008) ("If Diamond Bank's logic is taken to the extreme, a class could never be certified for a violation of the EFTA where one bank charges, without proper notification, customers of other banks a fee to use its ATM. In such cases, the violating bank would never have the names

25

and addresses of prospective class members. The logistics of notifying class members surely does not compel such an absurd result[.]").

Finally, HomeTown Bank suggests that a class action is not superior because statutory damages in such actions are capped and class members could recover more if they brought their own, individual cases. But because individual recovery is likely to be small, and individuals may not be aware of their rights, it is "unlikely that class members will file individual actions if the proposed class is not certified." *Burns v. First Am. Bank*, 2006 WL 3754820, *11 (N.D. Ill. Dec. 19, 2006). Indeed, as the district court found, because "[p]otential individual recovery is small," "class adjudication [is] particularly appropriate." USCA5 1867. In short, "a class action is a superior means for adjudicating this controversy." USCA5 1867.

c. *Adequacy and Typicality*

Rule 23(a)(4) requires class representatives to be able to fairly and adequately represent the class. In considering the adequacy of the representative, the Court considers "the willingness and ability of the representative[s] to take an active role in and control the litigation and to protect the interests of absentees[.]" *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125 (5th Cir. 2005). Here, contrary to HomeTown Bank's claims that the "record in this case is entirely devoid of any

information concerning Ms. Mabary," Appellee Br. 54, Ms. Mabary filed a declaration in the district court attesting, among other things, that she understood that she had to take "all necessary steps to protect the interests of the class"; that she agreed to sit for a deposition or participate in a trial if requested to do so; and that she agreed to provide any assistance that might be necessary to protect the interests of the class. USCA5 1548. As the district court found in its initial order on class certification, Ms. Mabary is an adequate representative. USCA5 1866.

Moreover, as the district court held, "that Mabary seeks only statutory damages, rather than actual damages. . . does not undermine the adequacy of Mabary's representation." USCA5 1866. *See Redmon v. Uncle Julio's of Illinois, Inc.*, 249 F.R.D. 290, 295 (N.D. Ill. 2008) (holding that although the class representative sought only statutory damages, his claim was not "antagonistic or in conflict with" those of class members who may have suffered actual damages, and that class members with claims for actual damages could opt out). Claims for actual damages might require proof of detrimental reliance that would be problematic to provide on a class-wide basis and potentially defeat class certification. *Cf. Perrone v. Gen. Motors Acceptance Corp.*, 232 F.3d 433, 440 (5th Cir. 2000) (holding that "individual reliance is necessary to prove actual damages" under the Truth in Lending Act, and thus that "a class action might not

27

be certified on this issue"). The decision not to pursue such damages, which are likely to be small, on a class-wide basis does not reflect negatively on Ms. Mabary or her counsel. *See Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 952-53 (7th Cir. 2006) (holding that fact that plaintiff sought statutory but not compensatory damages was not a proper ground for denying class certification, and explaining that "[r]efusing to certify a class because the plaintiff decides not to make the sort of person-specific arguments that render class treatment infeasible would throw away the benefits of consolidated treatment").

Finally, contrary to HomeTown Bank's claims, its Rule 68 offer to Ms. Mabary does not make her an inadequate or untypical class representative. HomeTown Bank is wrong in saying that Ms. Mabary has "received all of the benefit she could hope to proceed [sic] if she prevailed." Appellee Br. 56. In fact, she has not received a cent of relief. Because Ms. Mabary did not accept the offer of judgment, she is in the same situation as the absent class members. Indeed, if anything, that she rejected the offer and the individual relief it would have provided her, and exposed herself to Rule 68's cost-shifting mechanisms, demonstrates her commitment to this case and to vigorously pursuing the class members' claims.

## CONCLUSION

The Court should reverse the district court's dismissal of the suit, vacate the denial of class certification, and remand to the district court for further proceedings.

Respectfully submitted,

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum
Allison M. Zieve
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC  20009
(202) 588-1000

Gary F. Lynch
R. Bruce Carlson
Carlson Lynch Ltd.
PNC Park
115 Federal Street, Suite 210
Pittsburgh, PA 15212
(412) 322-9243

Emil Lippe, Jr.
Lippe & Associates
600 N. Pearl Street, Suite S2460
Dallas, TX 75201
(214) 855-1850

Attorneys for Plaintiff-Appellant

September 4, 2013

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

1.   This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 6,561 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and the Rules of this Court.

2.   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using WordPerfect X5 in 14-point Times New Roman.

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2013, the foregoing Reply Brief for

Plaintiff-Appellant has been served through this Court's electronic filing system,

upon counsel for the defendant-appellee:

William Frank Carroll
Thomas Butler Alleman
Aubrey Brook Colvard
Cox Smith Matthews, Inc.
Suite 3300
1201 Elm Street
Renaissance Tower
Dallas, TX 75270-0000
fcarroll@coxsmith.com
talleman@coxsmith.com
acolvard@coxsmith.com

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum